## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARK RICKEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. CIV-20-297-SM** |
| **ANDREW M. SAUL,** ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY ADMINISTRATION,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Mark Ricky (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that he was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). *See* Docs. 14-15.

Plaintiff argues the ALJ "failed to explain why she did not adopt any of [][consultative examiner, Raymond Azadgoli, MD's] findings." Doc. 16, at 3-7. After a careful review of the record (AR), the parties' briefs, and the relevant authority, the Court concludes that substantial evidence supports the ALJ's

decision. The Court thus affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

## I.  Administrative determination.

### A.  Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B.  Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to

---

[1]    Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.

## C.   Relevant findings.

### 1.   ALJ's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 12-28; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1)   did not engage in substantial gainful activity since November 15, 2015, the amended alleged onset date;

(2)   had the severe medically determinable impairments of obesity, carpal tunnel syndrome, degenerative disc disease, and diabetes mellitus;

(3)   had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)   had the residual functional capacity[2] (RFC) to perform light work with additional restrictions;

(5)   had no ability to perform past relevant work, but could perform jobs existing in significant numbers in the national economy such as school bus monitor, tanning salon attendant,[3] and furniture rental clerk; and thus

---

[2]   Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

[3]   Different courts have reached different conclusions under varying circumstances on whether "tanning salon attendant" is an occupation in the

(6)     had not been under a disability from November 15, 2015 through February 20, 2019.

*See* AR 17-28.

## 2.     Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-5, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

---

DOT. *See, e.g., James S. v. Comm'r, Soc. Sec. Admin.*, 2019 WL 4345662, at *5 (D. Or. Sept. 11, 2019) (collecting cases) ("The ALJ erred when he failed to seek a clarification from the [VE] about the tanning salon attendant occupation."); *Townsend v. Comm'r of Soc. Sec.*, 2018 WL 5808745, at *6-8 (N.D. Ohio Nov. 6, 2018) (Commissioner conceded the job was not listed in the DOT); *Sievers v. Berryhill*, 734 F. App'x 467, 471 (9th Cir. 2018) ("The ALJ misidentified [DOT] listing 359.567-014 as the listing for tanning salon attendant, when this listing actually refers to the semi-skilled job weight-reduction specialist, which Sievers does not have the skills to perform."); *Grady v. Colvin*, 2016 WL 695603, at *7 (E.D. Mo. Feb. 22, 2016) ("The DOT was last updated in 1991 and the United States Department of Labor's 'O*Net Online' service . . . is the current source of information used to determine qualifying work experience. Consistent with the VE's testimony, the job of tanning salon attendant has been assigned DOT code 359.567-014. . . . Accordingly, the VE's testimony did not conflict with the DOT."); *James v. Colvin*, 2015 WL 6394423, at *25 (S.D. Tex. Sept. 30, 2015) ("Plaintiff also contends that the tanning salon attendant is not in the DOT at all. These are non-issues because the VE is an expert on work skills and occupations and is not limited to jobs described in the DOT.") (citation omitted). No one challenges the vocational expert's conclusions. Even if the VE erred in identifying a "non-existent job," the error was harmless as the VE identified another job Plaintiff could perform. *See Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009).

II.   **Judicial review of the Commissioner's final decision.**

A.   **Review standard.**

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

B.   **Issue for judicial review.**

Plaintiff argues "[t]he ALJ's RFC is inconsistent with" Dr. Azadgoli's findings, the ALJ did not explain why and he did not adopt these findings. Doc. 16, at 3-8. Because substantial evidence supports the ALJ's conclusion, the Court affirms the ALJ's decision.

III.   **Substantial evidence supports the ALJ's conclusion.**

Plaintiff quotes the ALJ's summary of Dr. Azadgoli's examination, *id.* at 4. He argues the RFC assessment does not account for his positive Tinel's and Phalen's sign and sensory loss in the first three fingers. *Id.* He maintains the ALJ's requirement of occasional fingering and frequent reaching and handling ignore Dr. Azadgoli's conclusions. *Id.* at 5. And the ALJ did not "fully discuss" Plaintiff's range of motion issues, that would preclude occasional stooping, kneeling, crouching, and crawling. *Id.* at 6-7.

Plaintiff neglects to acknowledge the ALJ's consideration of medical opinions in the record. The ALJ gave "substantial weight" to the State agency medical consultants who reviewed Dr. Azadgoli's reports. AR 25. As the Commissioner notes, Drs. Walter Bell and Karl Boatman "did not find any manipulative limitations warranted at all." Doc. 17, at 7 (citing AR 95-97, 108-110). Drs. Charles Murphy and Steven Goldstein opined about some manipulative limitations. *Id.* (citing *id.* at 21, 73-75, 618-19).

The ALJ also gave "significant weight" to the medical experts' opinions and adopted the manipulative limitations Dr. Goldstein recommended. AR 26. Dr. Goldstein testified at a supplemental hearing and reviewed more recent medical evidence of record that did the other State agency consultants. *Id.* at 26, 73-77. Dr. Goldstein testified that fingering should be limited to occasional and grasping to frequent. *Id.* at 74. As to postural limitations, he testified no

6

climbing of ladders, ropes, or scaffolds, and all other "posturals would be limited to occasional," accounting for Plaintiff's limitations from disc disease. *Id.* And the ALJ explained why she did not adopt Dr. Goldstein's more restrictive limitation to sedentary work. *Id.*

Plaintiff does not challenge the weight the ALJ gave to any expert. Plaintiff also acknowledges Dr. Azadgoli's "findings related to [his] hand use, some of which were normal." Doc. 16, at 5-6. After listing these findings, Plaintiff concedes "it is possible that these findings do not even conflict with each other. Regardless, even if there was an inconsistency between this evidence, the ALJ was within his purview to resolve the conflict." *Id.* (citing *Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007)). This Court will not reweigh the evidence, and therefore finds no error by the ALJ. *See Patterson v. Colvin*, 662 Fed. Appx. 634, 669 (10th Cir. 2016) ("[Plaintiff] seeks to have this court reweigh the evidence to his benefit, which we do not do . . . ." (internal citation omitted)).

## IV.  Conclusion.

Substantial evidence supports the ALJ's decision. The Court affirms the Commissioner's decision.

**ENTERED** this 22nd day of December, 2020.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE